# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD ERIC MUMMA,<br><br>    Defendant. | Case No. 1:25-mc-00041-SAB<br><br>ORDER CLARIFYING JUNE 18 AND DECEMBER 10, 2025 COURT ORDERS<br><br>(ECF Nos. 10, 13) |

In this writ of garnishment proceeding, the Court—following a stipulation between the Government and Defendant Todd Eric Mumma—granted a request to terminate a writ of associated with Defendant's criminal case, No. 1:20-cr-00168-JLT-SKO. (ECF No. 13.) In particular, the Court noted that as part of the stipulation, garnishee GoodSuit was to release any freeze on Defendant's property. (Id.)

On December 31, 2025, interested party A.M. filed an objection to the Court's June 18 and December 10, 2025 orders to to clarify that these orders do not have any impact on or in any way vacate the asset freeze order in place in A.M.'s civil action, A.M. v. Todd Mumma, No. 1:22-cv-00548-JLT-SKO. On January 6, 2026, the Government filed a non-opposition. (ECF No. 16.)

In an abundance of caution, the Court will clarify its June 18 and December 10, 2025 orders as follows. In observing that the stipulation between the Government and Defendant

included a clause that once Defendant paid in full, this garnishment action "is immediately terminated, and garnishee GoodSuite shall release any freeze on Todd Eric Mumma's property," (ECF Nos. 10, 13), the Court CLARIFIES that these orders relate only to the freeze ordered by the Court's writ of garnishment and have no impact or release the separate asset freeze ordered by the Court in the aforementioned civil action.

IT IS SO ORDERED.

Dated: **January 7, 2026**

STANLEY A. BOONE
United States Magistrate Judge